[Civil No. 903.   Filed March 30, 1906.]

[85 Pac. 652.]

TERRITORY OF ARIZONA, Plaintiff, v. E. L. VAIL et al., as Supervisors of Pima County, Arizona, Defendants.

1. COUNTIES—BONDS—VALIDITY.—A county having issued bonds under a statute requiring such issue cannot refuse payment upon the ground that the act of the legislature commanded the issue thereof, irrespective of the will or interest of the county, even though the county might have successfully refused to have issued the bonds in the first instance.

APPLICATION by the territory for a Writ of Mandamus to compel E. L. Vail and others, as supervisors of Pima County, to make certain tax levies and assessments. Writ issued.

On appeal to the United States supreme court.

Statement of facts:—

This is an original application for a writ of *mandamus* to compel the respondents to make certain levies and assessments upon the taxable property in Pima County for the purpose of paying the interest on certain territorial funding bonds issued in exchange for certain bonds of the county of Pima, known and designated as "Arizona Narrow Gauge Subsidy Bonds." The respondents having filed a plea in bar and an answer to the petition, the matter is before the court upon the application of the petitioner for judgment on the pleadings.

E. S. Clark, Attorney-General, for the Territory.

Respondents' plea in bar is without merit. *Lewis* v. *Pima County*, 155 U. S. 54, 15 Sup. Ct. 22, 39 L. Ed. 67, is not *res adjudicata* of the issues herein.

Congress had power to validate these bonds, and intended so to do. *Utter* v. *Franklin*, 172 U. S. 416, 19 Sup. Ct. 183, 42 L. Ed. 498; *Murphy* v. *Utter*, 186 U. S. 95, 22 Sup. Ct. 776, 46 L. Ed. 1070.

Benton Dick, District-Attorney, and Kingan & Wright, of counsel, for Respondents.

The legislature had no power originally to pass act No. 35, Session Laws of 1883. The act was void. *Lewis* v. *Pima County*, 155 U. S. 54, 15 Sup. Ct. 22, 39 L. Ed. 67. See, also, on this point: *Hasbrouck* v. *Milwaukee*, 13 Wis. 42, 80 Am. Dec. 718; *People* v. *Mayor of Chicago*, 51 Ill. 17, 2 Am. Rep. 278; *People ex rel. Board of Park Commissioners* v. *Common Council of Detroit*, 28 Mich. 228, 15 Am. Rep. 202; 1 Dillon on Municipal Corporations, 124, 125, sec. 74, 4th ed.; *Helena Con. Water Co.* v. *Steele*, 20 Mont. 11, 37 L. R. A. 412, 49 Pac. 382; *People* v. *Batchellor*, 53 N. Y. 128, 13 Am. Rep. 480; *Mills* v. *Charlton*, 29 Wis. 400, 9 Am. Rep. 578; Cooley on Constitutional Limitations, 357, 7th ed; *McRae* v. *Cochise County*, 5 Ariz. 26, 44 Pac. 301. Therefore Congress had no power to subsequently ratify said act, and the bonds are, therefore, void. *Mosher* v. *School District of Ackley*, 44 Iowa, 426; *Butler* v. *Supervisors of Saginaw County*, 26 Mich. 21. Congress, by

the act of June 25, 1896, did not intend to and did not validate the Pima County bonds. See on this point as to retroactive construction of statutes, 3 Am. & Eng. Ency. of Law, 1st ed., pp. 757, 758; *Preston* v. *Bowler,* 1 Wheat. 121, 4 L. Ed. 50; *Aldridge* v. *Williams,* 3 How. 24, 11 L. Ed. 474; *United States* v. *Union Pac. R. R. Co.,* 91 U. S. 79, 23 L. Ed. 228; *American etc. Co.* v. *Worthington,* 141 U. S. 473, 12 Sup. Ct. 55, 35 L. Ed. 823; *The Delaware,* 161 U. S. 473, 16 Sup. Ct. 516, 40 L. Ed. 776; *Texas etc. Ry. Co.* v. *Interstate Commerce Commission,* 162 U. S. 197, 16 Sup. Ct. 666, 40 L. Ed. 940; *Gonzales* v. *French,* 164 U. S. 342, 17 Sup. Ct. 102, 41 L. Ed. 459. Where the meaning of a statute is doubtful, the construction most agreeable to reason and justice should be adopted as embodying the intention of the law-makers, for it will not be presumed that the legislature contemplated unreason or injustice. *Murray* v. *Gibson,* 15 How. 421, 14 L. Ed. 755; *Miles* v. *Scott,* 99 U. S. 25, 25 L. Ed. 294; *Ex parte Gi-Shun-Ca,* 109 U. S. 556, 3 Sup. Ct. 396, 27 L. Ed. 1030; *Lau Ow Bew* v. *United States,* 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340; *Chinese Laborers' Case,* 13 Fed. 294, 7 Sawy. 542. The intention of the legislature to validate the subscription on the bonds must clearly appear upon the terms of the Curative Act. Dillon on Municipal Corporations, sec. 544; and see, also, on the construction of remedial statutes, and as decisive of respondents' contention: *Byram* v. *Foley,* 17 Ind. App. 629, 47 N. E. 353; *City of Evansville* v. *Summers,* 108 Ind. 189, 9 N. E. 81; *State* v. *Canton,* 43 Mo. 48; *Hayes* v. *City of Holly Springs,* 114 U. S. 120, 5 Sup. Ct. 785, 29 L. Ed. 81.

Act of Congress of June 6, 1896, is void, as being in contravention of the United States. This being so, the doctrine of *res adjudicata* does not apply, and therefore, between the same parties, involving the same subject-matter, a constitutional question may be raised in the second suit, although it could have been raised in the first. *Norton* v. *Shelby Co.,* 118 U. S. 442, 6 Sup. Ct. 1121, 30 L. Ed. 186; *Boyd* v. *Alabama,* 94 U. S. 648, 24 L. Ed. 303. We contend that Pima County was not bound by the decision in *Utter* v. *Franklin, supra;* that Pima County was not privy; and that Pima County is in the same position now that it was in before that decision. This for the reason that a judgment for or against a state in regard to property, franchises, or privileges in which a county claims a pri-

vate individual right, will not conclude the county as to that right. The same rule prevails when a judgment for or against a municipality in regard to property in which a citizen claims a private individual right, cannot conclude the citizen as to that right. 24 Am. & Eng. Ency. of Law, 2d ed., p. 755, and cases cited; *Helphrey* v. *Redick*, 21 Neb. 83, 31 N. W. 256; *James* v. *City of Louisville*, 19 Ky. Law Rep. 447, 40 S. W. 912; *State ex rel. Kane* v. *Johnson*, 123 Mo. 43, 27 S. W. 399; *People* v. *Loeffler*, 175 Ill. 585, 51 N. E. 794; *Kane* v. *Independent School Dist.*, 82 Iowa, 5, 47 N. W. 1076; *Northern Bank of Kentucky* v. *Stone*, 88 Fed. 413; *Price* v. *Gwin*, 144 Ind. 105, 43 N. E. 5; *State* v. *Stock*, 38 Kan. 154, 16 Pac. 106; *State* v. *Burton*, 47 Kan. 44, 27 Pac. 141.

The rule of *stare decisis* should not be followed in this case, but rather that enunciated in *Ellison* v. *Georgia R. Co.*, 87 Ga. 691, 13 S. E. 809.

THE COURT.—As the matter comes before us, there are no disputed questions of fact to be determined. The facts are that in 1883 the legislature of this territory passed an act making it the duty of the board of supervisors of Pima County to issue two hundred thousand dollars of county bonds, and to deliver the same to the Arizona Narrow Gauge Railroad Company. One hundred and fifty thousand dollars of these bonds were issued by the county, delivered to the company, and sold by it. In 1894 the supreme court of the United States, in the case of *Lewis* v. *Pima County*, 155 U. S. 54, 15 Sup. Ct. 22, 39 L. Ed. 67, held these bonds void, by reason of the fact that the act of the legislature was in excess of its powers as limited by acts of Congress. In that case Pima County presented not only the contention thus upheld by the court, but also the contention that these bonds were void for the additional reason that they were issued by the county under an act of the legislature directing, commanding, and compelling the issue thereof, irrespective of the will or interests of the county. The supreme court of the United States did not express an opinion on the latter point, because, as stated by them, it was not necessary to the determination reached. In 1896 Congress passed an act affirming, approving, and validating "all bonds and other evidences of indebtedness heretofore issued under the authority of the legislature"

of Arizona Territory, "as hereinbefore authorized to be funded." In suits to which Pima County was not a party the supreme court of the United States held that this act applied to the bonds in question, and cured the defect under which they were held to be void in *Lewis* v. *Pima County, supra. Utter* v. *Franklin,* 172 U. S. 416, 19 Sup. Ct. 183, 43 L. Ed. 498; *Murphy* v. *Utter,* 186 U. S. 95, 22 Sup. Ct. 776, 46 L. Ed. 1070.

The respondents maintain that the bonds in question are void by reason of the fact that the act of the legislature commanded the county to issue the bonds, and hence the writ should not issue, and that, as this question has not been determined by the supreme court of the United States, this court may properly pass upon it. Even if it be that the question is an open one, and the validity of these bonds has not been conclusively determined by the supreme court of the United States, still we think the contention of the respondents is not well taken. It is conceded that Congress could validate these bonds by subsequent legislation, if it had the power to pass the act in question in the first instance; but it is contended that Congress could not have compelled the county to issue the bonds, and therefore cannot give life to bonds issued under compulsion of such an act as that passed by the territorial legislature. Without deciding the point, if it be conceded that neither under such an act of the legislature nor under a like act passed by Congress could the county have been compelled to issue or deliver these bonds, and that its officers could with impunity have successfully defeated the act by refusing compliance therewith, the fact is, nevertheless, that the county did avail itself of the act, and issued and delivered the bonds. In the absence of legislative authority, a municipality may not issue such bonds. It may issue them if so authorized. Assuming that the act of the legislature became in effect the act of Congress by virtue of the retroactive effect of the remedial act of Congress, it cannot successfully be maintained that the county acted without legislative authority, because in its language the act was mandatory, and not merely permissive. So far as the act commanded the issuance of the bonds, it might not have been enforceable, had the county chosen to disregard it; but in this case the county did issue the bonds, and thus complied with the requirement, and we think the act of the

legislature constituted adequate permissive legislation to support the action of the county in issuing the bonds.

Upon all the other points raised by counsel, by virtue of the decisions of the supreme court of the United States, the rule of *stare decisis* must apply.

Let the writ issue as prayed for.

KENT, C. J., SLOAN, J., DOAN, J., CAMPBELL, J., and NAVE, J., concur.